UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN LENTON,

    Plaintiff,

v.                                    Case No. 09-10975

TIMOTHY BRUCE, CHARLOTTE GAINES,
RICHARD WORTH,

    Defendants.
                                  /

**OPINION AND ORDER GRANTING DEFENDANTS' "MOTION TO DISMISS"**

Pending before the court is a motion to dismiss filed by the United States on behalf of Defendants Timothy Bruce, Charlotte Gaines, and Richard Worth on June 23, 2009. On March 16, 2009, Plaintiff Karen Lenton filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging various instances of discrimination by her supervisor while she was employed with the United States Postal Service. Plaintiff, however, has filed no brief in response to Defendants' motion, and the time for response has passed. *See* E.D. Mich. LR 7.1(a).

In its motion, Defendants argue that the court should dismiss Plaintiff's complaint because it does not name the proper defendant as required by statute for Plaintiff to bring her suit. (Defs.' Mot. at 7.) Title VII requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant" in suits brought under it. 42 U.S.C. § 2000e-16(c). The Sixth Circuit has also explained that § 2000e-16(c) "'mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII,'" and that failure to follow the statute's requirements will result in dismissal. *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir.

2002) (quoting *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988)).  Under the statute and the reasoning of the Sixth Circuit, the proper defendant in this case is the head of the United States Postal Service, the Postmaster General.  *Stiles v. Frank*, Nos. 91-5454, 91-5455, 91-5648, 1992 WL 188111 (6th Cir. Aug. 6, 1992) (finding that the only proper defendant in an employment discrimination action against a federal agency is the Postmaster General when the federal agency at issue is the United States Postal Service).  Plaintiff named three Defendants, but did not include the Postmaster General as a defendant in her complaint, and the court will therefore dismiss her suit.  *See Hancock*, 848 F.2d at 88 ("The proper defendant was not named in this action.  Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate.").  In addition, the Equal Employment Opportunity Commission notified Plaintiff that she must name the proper defendant in any federal action and that failure to do so could result in dismissal of the action.  (Defs.' Mot. Ex. 3.)  Because Plaintiff has not named the proper defendant to this action, the court will grant Defendants' unopposed motion and dismiss Plaintiff's complaint.  *See Mulhall*, 287 F.3d at 550.  Accordingly,

     IT IS ORDERED that Defendant's motion to dismiss [Dkt. # 7] is GRANTED.

     IT IS FURTHER ORDERED that Plaintiff Karen Lenton's complaint [Dkt. # 1] is DISMISSED.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  July 22, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 22, 2009, by electronic and/or ordinary mail.

        S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522