UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN LENTON,

    Plaintiff,

v.   Case No. 09-10975

TIMOTHY BRUCE, ET AL.,

    Defendant.
                                                     /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Pending before the court is Plaintiff's motion for reconsideration of the court's July 22, 2009 order, granting Defendants' motion to dismiss. In the order, the court held that Plaintiff failed to state a claim because she did not name the correct defendant. Plaintiff asks the court to reconsider its opinion and order pursuant to Eastern District of Michigan Local Rule 7.1(g) .

On March 16, 2009, Plaintiff filed a pro se complaint alleging discrimination in violation of Title VII of the Civil Rights Act. The alleged events occurred while she was employed by the U.S. Postal Service, so she sued various managers with the U.S. Postal Service. On June 23, 2009, Defendants filed a motion to dismiss, raising five arguments supporting dismissal of all or part of Plaintiff's claim. Ultimately, the court agreed with Defendants' argument that Plaintiff's case should be dismissed because she did not name the correct defendant. Accordingly, in its order granting dismissal the court did not address any of Defendant's other arguments. Under Eastern District of Michigan Local Rule 7.1(d)(1)(B) a brief in response to a dispositive motion must be

filed within 10 days of service of the motion.  Plaintiff filed no response to Defendants' motion to dismiss.  Nearly a month after Defendants mailed the motion to dismiss to Plaintiff, the court granted the motion.  After dismissal, Plaintiff retained counsel and filed a timely motion for reconsideration of the court's order granting Defendants' motion to dismiss.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Here, Defendant has failed to meet this standard.  In granting Defendant's motion to dismiss the court reasoned:

> Defendants argue that the court should dismiss Plaintiff's complaint because it does not name the proper defendant as required by statute for Plaintiff to bring her suit.  (Defs.' Mot. at 7.)  Title VII requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant" in suits brought under it. 42 U.S.C. § 2000e-16(c).  The Sixth Circuit has also explained that § 2000e-16(c) "'mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII,'" and that failure to follow the statute's requirements will result in dismissal.  *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th [Cir. 2002)].  Under the statute and the reasoning of the Sixth Circuit, the proper defendant in this case is the head of the United States Postal Service, the Postmaster General.  *Stiles v. Frank*, Nos. 91- 5454, 91-5455, 91-5648, 1992 WL 188111 (6th Cir. Aug. 6, 1992) (finding that the only proper defendant in an employment discrimination action against a federal agency is the Postmaster General when the federal agency at issue is the United States Postal Service).  Plaintiff named three Defendants, but did not include the Postmaster General as a defendant in her complaint, and the court will therefore dismiss her suit. *See Hancock*, 848 F.2d at 88 ("The proper defendant was not named in this action.  Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate.").  In addition, the Equal Employment

> Opportunity Commission notified Plaintiff that she must name the proper defendant in any federal action and that failure to do so could result in dismissal of the action. (Defs.' Mot. Ex. 3.) Because Plaintiff has not named the proper defendant to this action, the court will grant Defendants' unopposed motion and dismiss Plaintiff's complaint. *See Mulhall*, 287 F.3d at 550.

(7/22/2009 Order.) Plaintiff does not suggest that this reasoning is in error: "Plaintiff concedes that she must meet the clear statutory requirements of 42 U.S.C. § 2000e-16(c), that being that the proper party in interest is John E. Potter, Postmaster General . . . ." (Pl.'s Mot. Br. 3.) Plaintiff therefore admits that the court's opinion contained no palpable defect on this point.

Instead, Plaintiff intimates that her pro se status excuses her mistake and that the court should therefore grant her motion for reconsideration and grant her leave to amend her complaint. Plaintiff also suggests that naming the wrong defendant should be excused because the materials attached to the complaint extensively referred to the Postmaster General. But Plaintiff cites no authority suggesting that pro se litigants may be excused from meeting the statutory requirements of a particular cause of action. Further, the statutory requirements are clear that the required defendant is the Postmaster General, and Plaintiff cites no authority suggesting that this requirement is met by referring to, rather than naming, the correct defendant in a complaint.

Plaintiff also asks the court for permission to amend her complaint and argues that the amendment should relate back to the date of the original complaint. Plaintiff did not move to amend her complaint before the court ruled on Defendants' motion to dismiss. Plaintiff did not even file a response to Defendants' motion. Plaintiff gives no reason, other than her pro se status, and cites no law excusing her failure to file a response brief or excusing her failure to submit a motion to amend her complaint. Since allowing amendment in this case is not justified, the court need not decide whether the

requirements of back-relation, e.g., actual notice, are met. In her brief supporting this motion, Plaintiff responds to all of the arguments raised by Defendants in their motion to dismiss, including those not relied upon by the court in granting dismissal. Effectively, Plaintiff is attempting to use Local Rule 7.1(g) and a post-judgment motion to amend a complaint as an opportunity to file an untimely response brief after the case has been dismissed. Regardless of the appropriateness of this technique, Plaintiff has not shown any defect in the court's conclusion that her case should have been dismissed because it named the wrong defendant. Quite simply, Plaintiff sued parties she had no right to sue, and her case was dismissed appropriately.[1]  Accordingly,

IT IS ORDERED that "Plaintiff's Motion for Reconsideration" [Dkt. # 11] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: October 15, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2009, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522

---

[1] The court expresses no opinion on Plaintiff's chances of success, procedurally or on the merits, if she chooses to initiate a second case by filing a complaint against parties not named as defendants in this case.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\09-10975.LENTON.DenyReconsideration.wpd